```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

NORTHEAST FLORIDA TELEPHONE COMPANY,
a Florida corporation, and MOKAN
DIAL, INC., a Kansas corporation,

                Plaintiffs,

vs.                        Case No. 3:06-cv-332-J-33TEM

T-MOBILE USA,
a Delaware corporation,

                Defendant.
_____/

**ORDER**

     This cause comes before the Court pursuant to T-Mobile USA Inc.'s Motion to Dismiss Count II of Plaintiffs' Complaint as to the Claim of Plaintiff Mokan Dial, Inc. (Doc. #10), filed on May 24, 2006.  Mokan filed a response on May 31, 2006 (Doc. #13.)  For the reasons stated below, the Court denies the motion.

**I. Facts**

    Northeast and Mokan are both wireline telephone service providers.  (Doc. #1 at 3.)  Northeast is a Florida corporation with its principal place of business in Florida.  (Id.)  Mokan is a Kansas corporation with its principal place of business in Kansas.  (Id.)  T-Mobile, a Delaware corporation, is a wireless telephone service provider with its principal place of business in Washington.  (Id.)

    In a two count complaint, both Northeast and Mokan claim that T-Mobile is in breach of contract "for failing to pay

interconnection fees set by lawful tariffs in Florida and Kansas." (Id. at 1.)

T-Mobile requests that the Court dismiss Count II of the complaint, Mokan's breach of contract claim, for improper venue. Mokan counters, arguing that venue is proper because, inter alia, T-Mobile resides in this district.

**II.  Standard of Review**

On a motion to dismiss for improper venue, the plaintiff bears the burden of proof to show that venue is proper in the chosen forum. Ford v. Supreme Court of Fla., No. 6:06-cv-3-Orl-31JGG, 2006 U.S. Dist. LEXIS 30494, *12 (M.D. Fla. May 18, 2006)(citing Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "In resolving such a motion, the Court accepts all allegations of the Complaint as true, unless contradicted by the defendant's affidavits and draws all reasonable inferences and resolves all factual conflicts in favor of the plaintiff (the non-moving party)." Id. In deciding a 12(b)(3) motion to dismiss, the Court may consider items outside the pleadings. Wai, 315 F. Supp. 2d at 1268 ("For defenses raised under subsections [12(b)](1) through (5) . . . the court may consider matters outside the pleadings . . . .")(quoting Webster v. Royal Carribean Cruises, Ltd., 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000)).

**III. Analysis**

T-Mobile notes that, in the complaint, Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391(a). Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

T-Mobile also notes that Plaintiffs allege that "'a substantial part of the events giving rise to the claim occurred in this district.'" (Doc. #10 at 2)(quoting Doc. #1 at 2.) Taking these two averments together, T-Mobile states that it "appear[s] that Plaintiffs are alleging that venue is proper under 28 U.S.C. § 1391(a)(2) . . . ." (Id.)

On this assumption, T-Mobile asserts that the Middle District of Florida is not the proper venue for Mokan's claim against T-Mobile. T-Mobile argues that Mokan does not satisfy § 1391(a)(2)'s "substantial part" requirement, alleging that no material act giving rise to Mokan's claim occurred in this district. Rather, T-mobile indicates that Kansas provides the proper venue for Mokan's claim against T-Mobile.

In response, Mokan alleges that T-Mobile resides in this district. As such, Mokan argues that venue is properly founded on, inter alia, § 1391(a)(1).

To determine where T-Mobile resides, the Court references 28 U.S.C. § 1391(c). Section 1391(c) provides that:

> For purposes of venue under this chapter [28 U.S.C. §§ 1391 et seq.] a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

T-mobile is subject to general personal jurisdiction in Florida. Moreover, T-Mobile's contacts with the Middle District of Florida ("Middle District") are sufficient to deem that T-Mobile resides in this district.

"A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006)(citing Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)). The requirements of the United States Constitution are

satisfied if the defendant has "continuous and systematic . . . contacts" with the forum. <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984).  Florida's long-arm statute, § 48.193, Florida Statutes, "incorporates this high standard. . . ." <u>Northwestern Aircraft Capital Corp. v. Stewart</u>, 842 So. 2d 190, 196 (Fla. 5th DCA 2003).  As such, to establish general personal jurisdiction, the Florida long-arm statute and the United States Constitution each require that the defendant have continuous and systematic contacts with the forum.  Accordingly, the Court examines whether T-Mobile's contacts rise to the level of continuous and systematic.

 In its response, Mokan notes that, in Jacksonville alone:

> T-Mobile owns three stores and has 36 T-Mobile outlets . . . and many more in other cities within this district. Further, the complaint alleges . . . that T-Mobile owes $204,460.96 to Northeast Florida, generated at the rate of $.035/minute.  That is, nearly 6 million minutes of T-Mobile's telephone calls were terminated by Northeast Florida in the ten and a half months at issue.

(Doc. #13 at 3.)  Mokan's allegations make clear that T-Mobile's contacts with this district, not just the state, are continuous and systematic.  Accordingly, T-Mobile's contacts establish general personal jurisdiction in Florida, and, if the Middle District of Florida were a separate state, T-Mobile's contacts with the Middle District would subject it to general personal jurisdiction in the Middle District.  Thus, pursuant to § 1391(c), T-Mobile is considered to reside in the Middle District of Florida.  Because T-

Mobile resides in the Middle District, venue is proper, pursuant to § 1391(a)(1).

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

T-Mobile USA Inc.'s Motion to Dismiss Count II of Plaintiffs' Complaint as to the Claim of Plaintiff Mokan Dial, Inc., (Doc. #10) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 2nd day of November, 2006.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All of Counsel of Record